IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE MORALES,<br><br>    Plaintiff,<br><br>v.<br><br>VIPIN SHAH and<br>JONAVAN BRIDWELL,<br><br>    Defendants. | Case No. 3:18-CV-1116-NJR-GCS |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is currently before the Court on the Report and Recommendation of United States Magistrate Judge Gilbert C. Sison, which recommends granting the motions for summary judgment filed by Vipin Shah (Doc. 31) and Jonavan Bridwell (Doc. 26).

Plaintiff Jose Morales, an inmate in the Illinois Department of Corrections, filed a *pro se* complaint in this Court on May 15, 2018, under 42 U.S.C. § 1983 (Doc. 1). He alleges Eighth Amendment deliberate indifference claims against Shah and Bridwell related to allegedly inadequate medical care he received at Lawrence Correctional Center (Doc. 6).

The Court entered an Initial Scheduling and Discovery Order on October 31, 2018, which set a deadline for Defendants to file motions for summary judgment and warned Morales that failing to respond to the motions may result in an Order granting the motions (Doc. 24, p. 5). Defendants timely moved for summary judgment based on Morales's failure to exhaust his administrative remedies (Docs. 26 & 31), and attached

notices to their motions explaining the consequences for failing to respond (Docs. 28 & 33). Morales did not respond by the deadline, but the Court *sua sponte* granted him an extension of time to file a response (Doc. 41). Morales was warned again that failing to respond may be deemed an admission of the merits of Defendants' motions (*Id.*). Nonetheless, Morales failed to respond by the new deadline (*Id.*).

On June 11, 2019, Judge Sison issued the Report and Recommendation currently before the Court (Doc. 42). He recommends granting the motions for summary judgment pursuant to Local Rule 7.1(c), which provides, "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Objections to the Report and Recommendation were due on or before June 28, 2019. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs submitted by Defendants, as well as Judge Sison's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Judge Sison and **ADOPTS** the Report and Recommendation in its entirety. The motion for summary judgment filed by Vipin Shah (Doc. 31) and the motion for summary judgment filed by Jonavan Bridwell (Doc. 26) are **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  July 15, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**